Cory J. King (SBN 177938)
cking@fordharrison.com
FORD & HARRISON LLP
300 Rancheros Drive, Suite 360
San Marcos, CA 92069
Telephone: 858-214-3951
Facsimile: 858-214-3949

Attorneys for Defendants
DSV Solutions, LLC and UTI Integrated
Logistics, Inc.

Philip P. DeLuca; State Bar No. 158633
philippdeluca@philipdeluca.com
LAW OFFICES OF PHILIP P. DeLUCA
5820 E. Naples Plaza
Belmont Shore, CA 90803
Telephone: (562) 987-1300
Facsimile: (562) 987-1310

Attorneys for Plaintiff
SELENA MALDONADO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SELENA MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>DSV SOLUTIONS, LLC, UTI INTEGRATED LOGISTICS, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 5:21-cv-01594-GW-SPx<br><br>[Discovery Document: Referred to U.S. Magistrate Judge Sheri Pym]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Action Filed:    11/06/2020<br>Date of Removal: 09/17/2021 |

1.    A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.    Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.    The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses

to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### B. GOOD CAUSE STATEMENT

This action is likely to involve various categories of non-public, private information from both parties and nonparties for which special protection from public disclosure and use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information consist of, among other things, non-public, private information regarding Defendant's current and former employees, relative to those individuals' last known contact address information. The need for disclosure in this case is balanced against the need to protect that information from disclosure to any interests and individuals outside those individuals specifically described herein.   Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.   It is the intent of the parties that information will not be designated as "CONFIDENTIAL" for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

/ / /

Ford & Harrison
LLP
Attorneys At Law
San Diego

- 2 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

2.   <u>DEFINITIONS.</u>

2.1.   <u>Action</u>:  The lawsuit entitled *Selena Maldonado v. DSV Solutions, etc., et al.*, bearing U.S. District Court, for the Central District of California Case No. 5:21-cv-01594-GW-SPx.

2.2.   <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

2.3.   <u>"CONFIDENTIAL" Information or Items</u>: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4.   <u>Protected Material</u>:  Protected Material, as used in this Order, consists of the following materials and categories of materials:

1.   Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure (Fed. R. Civ.) (and any applicable case law interpreting Fed. R. Civ. 26(c)(1)(G)); contracts; non-public compilations of retail prices; proprietary information; vendor agreements; personnel files; claim/litigation information; medical records and nonpublic policies and procedures shall be deemed Confidential.

2.   Materials containing corporate trade secrets, nonpublic research and development data, including, but not limited to, cost data, pricing formulas, inventory management programs, and other sales or business information not known to the public; information obtained from a non-party pursuant to a non-disclosure agreement; and customer-related Protected Data shall be deemed Highly Confidential – Attorneys' Eyes Only.

3.   Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).   Certain Protected Data may

Ford & Harrison
LLP
Attorneys At Law
San Diego

compel alternative or additional protections beyond those afforded Highly Confidential – Attorneys' Eyes Only material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

2.5. <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their respective support staffs).

2.6. <u>Designating Party</u>: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.7. <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8. <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.9. <u>House Counsel</u>:  Attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12. <u>Party</u>:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 4 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

2.13. <u>Producing Party</u>: A Party or Non-Party that produces Confidential, Disclosure or Discovery Material in this Action.

2.14. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.16. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

3.      <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.      <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ / /

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 5 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

5.      DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.   The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2.    Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pre-trial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 6 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g. by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for production until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g. by making appropriate markings in the margins).

(b)    for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)    for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 7 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

protections, as the Confidential Material from which those copies were made.

5.3. <u>Inadvertent Failures to Designate</u>.   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4. <u>Changes in Scope of Designation</u>.   A Producing Party may change the confidentiality designation of materials it has produced, as follows: (1) The Producing Party must give the receiving parties notice of the change by identifying the documents or information at issue.   Once notice is given, the Receiving Party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation.   (2) Within a reasonable period after giving notice, the Producing Party must reproduce the documents or information in a format that contains the new designation.   (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (13-14) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is CONFIDENTIAL; and (c) give the Producing Party written assurance that steps (a) and (b) have been completed.

5.5. <u>Data Security</u>.   The Parties agree to provide adequate security to protect data produced by the other Party(ies) or by Non-Parties.   This includes secure data storage systems, established security policies, and security training for employees, contractors and experts.   Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises.   At a minimum, any receiving party subject to the terms of this Confidentiality Order, will provide reasonable measures to protect non-client data consistent with the American Bar

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 8 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

5.6     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.6.    <u>Inadvertent Production of Privileged or Otherwise Protected Material.</u>

5.6.1. The production of privileged or work-product protected documents (as defined under California law), electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of those privileges or protection from discovery in this case or in any other federal or state proceeding.

5.6.2. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738.   In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

5.6.3. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

5.6.7. If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the Producing Party of the beginning BATES number of the document or, if no BATES number is available, shall

1   otherwise inform the Producing Party of the information.

2        5.6.8. , When a Producing Party gives notice to Receiving Parties that

3   certain inadvertently produced material is subject to a claim of privilege or other

4   protection, the obligations of the Receiving Parties are those set forth in Federal Rule

5   of Civil Procedure 26(b)(5)(B).  The provision is not intended to modify whatever

6   procedure may be established in an e-discovery order that provides for production

7   without prior privilege review.

8   6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

9        6.1.   Timing of Challenges.    Any Party or Non-Party may challenge the

10   designation of any documents or information produced in this litigation (either to

11   include additional protection with respect to confidentiality or to remove a

12   confidential designation) at any time that is consistent with the Court's Scheduling

13   Order.

14        6.2.   Meet and Confer.    The Challenging Party shall initiate the dispute

15   resolution process under Local Rule 37.1 et. seq. Before filing any motion relating to

16   discovery under Federal Rules of Civil Procedure 26-37, A Challenging Party

17   wishing to make such motion must specifically engage in a meet and confer process

18   by advising counsel for the producing party in writing of each issue and/or discovery

19   request in dispute, the Challenging Party's position as to each such issue (and provide

20   any legal authority the Challenging Party believes is dispositive of the dispute as to

21   that issue/request), and specify the terms of the discovery order to be sought.   Unless

22   relieved by written order of the Court upon good cause shown, counsel for the

23   opposing party must confer with counsel for the moving party within ten days after

24   the moving party serves a letter requesting such conference.

25        6.3.   The Motion.   A Challenging Party may proceed to move the court to

26   modify designation of documents or information produced only after it has first

27   engaged in this meet and confer process.

28   / / /

Any such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in this section and that sets forth with specificity the justification for the confidentiality designation that was given by the producing party in the meet and confer dialogue. The burden shall be on the party seeking to remove the designation to show that the designation is inappropriate.

Pending resolution of any challenges to the designation of documents or information, the material at issue shall continue to be treated as Confidential Material until ordered otherwise by the Court.

For purposes of clarification and the avoidance of confusion, any motion challenging a party's designation of material as confidential, seeking to retain confidentiality, seeking to modify or amend the operative protective order, or regarding privilege redactions must be in strict compliance with Local Civil Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

7.   ACCESS TO AND USE OF PROTECTION MATERIAL

7.1.   Basic Principles.   A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.   Disclosure of "CONFIDENTIAL" Information or Items.   Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving   Party   may   disclose   any   information   or   item   designated

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 11 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

"CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

/ / /

7.2.1. *Highly Confidential—Attorneys' Eyes Only Material.*   Material and information designated as "Highly Confidential—Attorneys' Eyes Only" shall only be disclosed to the Court, its staff, in-house and outside counsel of record for each party, the secretarial, clerical, and paralegal staff of each, and consulting and testifying experts retained by a party in this action.

7.2.2. *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation.   If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

7.3.   <u>Authorized Uses of Confidential Material.</u>   Confidential Material shall only be used for the purpose of litigating the above-captioned Action and may not be used in other lawsuits.

8.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 14 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

specific description of the information requested; and

(3) make the information requested available for inspection by the non-party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as ***Exhibit A***.

11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for protection without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (3), insofar as the

parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

11.1.   <u>Counsel's Duties in the Event of Unauthorized Disclosures</u>.   It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party.   The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps.   Each Party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information.   This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

12.   <u>MISCELLANEOUS</u>

12.1.   <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.   <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.   Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3.   Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 16 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

1   in the public record unless otherwise instructed by the court.

2        12.4.  <u>Withholding of Information</u>.

3        12.4.1.    *Non-relevant Attachments*.    If an attachment is withheld

4   (either for privilege or non-responsiveness), the producing party shall produce a one-

5   page TIFF or PDF image in place of the withheld attachment, stating "Attachment

6   Withheld", and bearing a sequential BATES number within the family BATES range.

7   If any attachment to an email contains responsive content, then the cover email shall

8   be produced for context, regardless of the cover email's responsiveness.   The cover

9   email may be redacted in part to remove sensitive information, as described below.

10        12.4.2.    *Redactions*.   Producing Parties may redact (1) information

11   that is privileged or protected from discovery as work product or by reason of any

12   other applicable privilege or immunity; (2) information subject to non-disclosure

13   obligations imposed by governmental authorities, law or regulation (*e.g.*, protected

14   personal information); and (3) sensitive, non-relevant information, including but not

15   limited to personally identifiable information, trade secrets, or information regarding

16   products, data, or people.  Privilege redactions will state, over the redacted portion,

17   "Redacted–Privileged,"  and  all  other  redactions  will  state,  "Redacted–

18   Nonresponsive."   Redactions of emails will not redact the names of recipients or the

19   subject line of the emails, unless the subject line is itself privileged or contains the

20   sensitive information described above, in which case only so much of the subject line

21   will be redacted as may be needed.   The parties will produce redacted documents in

22   TIFF or PDF format with corresponding searchable OCR text and the associated

23   metadata for the document, ensuring the redacted content is fully protected from

24   disclosure.   The parties shall meet and confer to the extent there are objections to

25   any redactions in documents.   To the extent that parties cannot resolve their positions

26   regarding any redactions, then the question may be presented to the Court subject to

27   Local Civil Rules 37-1 and 37-2 (including the Joint Stipulation requirement) and as

28   may be supplemented by the terms and conditions of all applicable law.

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 17 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

13.   FINAL DISPOSITION.

After the final disposition of this Action, as defined in Paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.   Notwithstanding this provision, Counsel are  entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultation and expert work product, even if such materials contain Protected Material. Any archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth In Section 4 (DURATION).

[*remainder of page intentionally blank*]

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

- 18 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

14.    Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:  May 4, 2022

_____/s/_____
Attorneys for Plaintiff

Dated:   May 5, 2022

_____/s/_____
Attorneys for Defendant

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated:  May 12, 2022

_____
                    Hon. Sheri Pym
                    United States Magistrate Judge

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

(PROPOSED) STIPULATED
PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**__Attestation__**

Pursuant to Local Civil Rule 5-4.3.4(a)(2)(i), I hereby attest that Philip P. DeLuca of the Law Offices of Philip P. DeLuca, who is counsel for Plaintiff, on whose behalf this filing is jointly submitted, has concurred in this filing content and has authorized me to file this document.

By: _____
                 Cory J. King

<u>EXHIBIT A</u>

<u>ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND</u>

I _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that was

issued by the United States District Court for the Central District of California on

[date] _____ in the case of *Selena Maldonado v. DSV Solutions, etc., et al.*,

bearing U.S. District Court, for the Central District of California Case No. 5:21-cv-

01594-GW-SPx.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt. I

solemnly promise that I will not disclose in any manner any information or item that

is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order. I further agree to submit to the

jurisdiction of the United States District Court for the Central District of California

for the purpose of enforcing the terms of this Stipulated Protective Order, even if

such enforcement proceedings occur after termination of this action. I hereby appoint

_____ [print or type full name] of _____ [print or type

full address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Stipulated Protective Order.

DATE: _____, 2022

City and State where sworn and signed:_____

Printed name: _____

Signature: **_____**

- 21 -

(PROPOSED) STIPULATED
PROTECTIVE ORDER

FORD & HARRISON
LLP
ATTORNEYS AT LAW
SAN DIEGO

## **PROOF OF SERVICE**

I, Esperansa Reinold, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On May __, 2022, I served a copy of the within document(s):

### **STIPULATED PROTECTIVE ORDER**

☒ ELECTRONICALLY: I caused a copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as stated below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon prepaid, in the United States mail at Los Angeles, California addressed. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon prepaid in the ordinary course of business. I know on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by e-mail or electronic transmission. Based on an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent on the date shown below to the e-mail addresses of the persons listed below.

| | |
|---|---|
| Philip P. DeLuca | Attorneys for Plaintiff |
| philippdeluca@philipdeluca.com | |
| LAW OFFICES OF PHILIP P. DeLUCA | Registered participants in the |
| 5820 E. Naples Plaza | ECF System. |
| Belmont Shore, CA 90803 | |

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on May ___, 2022, at Los Angeles, California.

_____
Esperansa Reinold